IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            CRIMINAL ACTION NO. 5:21-cr-00107

THOMAS EDWARD HATFIELD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

On this day came the parties concerning the ***Motion in Limine of United States Regarding Testimony Pursuant to Federal Rule of Evidence 803(2)*** (ECF No. 20). The United States seeks to have admitted into evidence through the trial testimony provided by the Army Corps of Engineers natural resource specialist ranger concerning the Defendant's wife's[1] declarations as having satisfied the excited utterance exception to the hearsay rule.

The Defendant is named in a single-count information with forcibly intimidating an officer of the United States, specifically a natural resources specialist park ranger with the United States Army Corps of Engineers, while engaged in or on account of that officer's duties in violation of 18 U.S.C. § 111(a)(1). The anticipated evidence at trial is that the Defendant engaged in a conversation with the ranger regarding certain citations issued to the Defendant and that said conversation became heated. The Defendant was searching his vehicle when the ranger heard the

---

[1] During the hearing, counsel for the Defendant advised that this individual is not the Defendant's wife, but a long-term female companion, and therefore, no spousal immunity privileges would apply.

Defendant's wife exclaim "No Tommy!" and "Don't do it Tommy!" multiple times. The Defendant then approached the ranger and leaned into the ranger's vehicle in an aggressive manner, eventually referencing a firearm in a threatening way. Being fearful of the Defendant, the ranger does not carry a weapon, only pepper spray, and unholstered his pepper spray in order to defend himself. The ranger radioed county dispatch for deputy assistance and was able to flee the scene shortly thereafter.

Rule 802 of the Federal Rules of Evidence provides that hearsay testimony is generally inadmissible at trial and is defined as "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The applicable exception to this Rule, is the excited utterance exception. Per Rule 803(2), hearsay may be admitted when it is in the form of a "statement relating to a startling event or condition, made while the declarant was under the stress of the excitement that it caused." Fed. R. Evid. 803(2). The Fourth Circuit recognizes that this exception is justified by "the 'assumption that an excited declarant will not have had time to reflect on events to fabricate.'" United States v. Jennings, 499 F.3d 344, 349 (4th Cir. 2007) (internal citations omitted). "To qualify for the excited utterance exception, (1) the declarant must have experienced a startling event or condition; (2) [] must have related the statement while under the stress or excitement of that event or condition, not from reflection; and (3) the statement or utterance must have related to the startling event or condition." Id.

During the hearing, the Defendant did not generally oppose the United States' Motion, and the undersigned observed that the Defendant had not filed a response to the Motion. Nevertheless, given the circumstances related herein, the ranger became apprehensive of the Defendant during

the heated confrontation, and felt threatened by the Defendant's aggressive manner while the Defendant searched his vehicle to the extent that he unholstered his pepper spray in an attempt to defend himself. Because the Defendant's wife made her exclamations during these events as they escalated, these declarations fall squarely within the hearsay exception rule pertaining to excited utterances. Accordingly, the United States' ***Motion*** is **GRANTED**.

At the close of the hearing, counsel for the Defendant made an oral motion to dismiss the information, noting that this case is simply a "he said, he said" and referenced that the evidence concerns the Defendant's First Amendment rights and that a "ranger got his feelings hurt." The United States countered that the Defendant is charged with violating 18 U.S.C. 111, and is a very broad statute that the evidence shown so far is that the Defendant tried to intimidate an officer of the Army Corps of Engineers, and satisfied the probable cause standard. Regarding the evidence, the Court noted that numerous cases go to trial that are "he said, he said" and based on opposing representations of what actually happened; such matters present clear questions of fact for a jury to decide. The Court denied the Defendant's oral motion to dismiss.

The Court directs the Clerk to send a copy of this Order to the Defendant and counsel, and to the United States Attorney.

ENTER: October 28, 2021.

Omar J. Aboulhosn
United States Magistrate Judge

3